UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| LEROY NATHANIEL WESTON<br>A # 023 463 465 | : | DOCKET NO. 11-cv-0107 |
| | : | JUDGE MINALDI |
| VERSUS | | |
| JANET NAPOLITANO, ET AL | : | MAGISTRATE JUDGE KAY |

**REPORT AND RECOMMENDATION**

Before the court is defendants' Request for Reconsideration of the Order denying their Motion to Dismiss. (Doc. 11). On April 24, 2011, defendants' filed a Motion to Dismiss the petition for *habeas corpus* (Doc. 1) filed by *pro se* petitioner, Leroy Nathaniel Weston. On June 28, 2011, this court issued an order denying the motion. (Doc. 10).

For the reasons that follow, this court now recommends that defendants' Request for Reconsideration be GRANTED and the petition be DISMISSED WITH PREJUDICE.

**Statement of the Case**

Petitioner is an immigration detainee in the custody of the Department of Homeland Security/United States Immigration and Customs Enforcement (DHS/ICE). He is presently detained at the Federal Detention Center, Oakdale, Louisiana. He is a citizen of Antigua-Barbuda and has been in the custody of ICE since April 29, 2010.

Petitioner was ordered removed on August 3, 2010 under Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA") (8 U.S.C. § 1227(a)(2)(A)(iii)) as an aggravated felon on the basis of a conviction relating to the illicit trafficking in a controlled substance; Section 237(a)(2)(B)(i) of the INA for a conviction relating to a controlled substance other than a single

1

offense involving possession for one's own use of 30 grams or less of marijuana; Section 237(a)(2)(A)(iii) of the INA for a conviction of an aggravated felony relating to a theft offense or burglary offense for which the term of imprisonment of at least 1-year was imposed; and Section 237(a)(2)(A)(ii) of the INA for the conviction of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct.  (Doc. 8, Att.2, pgs. 5-6)

The removal order became administratively final on September 3, 2010, when the appeal period expired.  8 U.S.C. § 1252(b).  Petitioner alleges that ICE has been unable to remove him because the government of Antigua-Barbudas will not issue a travel document for his removal. Petitioner challenges the validity of his detention based upon 8 U.S.C. § 1231(a)(6) as interpreted in *Zadvydas v. Davis,* 533 U.S. 678 (2001).

Defendants filed a motion to dismiss the petition asserting that petitioner was unable to state a claim for relief because at the time the petition was filed the six month presumptive period established in *Zadvydas* had not expired.  This court issued an order denying the motion stating that although the petition was premature when filed, it was in the interest of judicial economy to allow the matter to proceed.  The court observed that although petitioner had not been detained six months at the time the petition was filed, by the time the service order was issued the presumptive period had expired.  The court stated "[i]f the petition is dismissed, the case will be closed and petitioner will likely file another petition.  That will necessitate opening a new case, and repeated issuance of service of process, among other actions required of the clerk's office, the court, and the parties." (Doc. 10, p. 1-2).

In their request for reconsideration, defendants point out that petitioner filed a second *habeas corpus* petition on April 7, 2011, after their motion to dismiss was filed.  *See Weston v. Holder, et al*, Docket No. 2:11-cv-567, United States District Court, Western District of

Louisiana.  This subsequent petition raises the same issue as that presented herein, i.e., whether or not his detention is in violation of the Supreme Court ruling in *Zadvydas*.  The defendants have been served with and have answered this petition without any exception of prematurity.

As this court was unaware that petitioner had filed a second and timely petition at the time it issued its order denying defendants' exception of prematurity, it now reconsiders that order.  The court finds that it is not necessary to maintain the present lawsuit in order to achieve judicial economy.  Rather, petitioner's *habeas corpus* claim will be considered in *Weston v. Holder, et al*, Docket No. 2:11-cv-567 United States District Court, Western District of Louisiana.

## Recommendation

Therefore, IT IS RECOMMENDED that defendants' Request for Reconsideration of the Order denying their Motion to Dismiss (Doc. 11) be GRANTED and the petition be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

THUS DONE this 12th day of September, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE